No. 2107.—R. H. Draughan, Administrator, v. Jane White and John Collins.

A receipt given for money is not conclusive and may be explained by parol testimony.
Payment to the administrator in Confederate treasury notes of a debt due to the estate will not shield the debtor from liability.

APPEAL from the Fifth Judicial District Court, parish of East Feliciana. Posey, J. McVea & Hunter for plaintiff and appellee. W. F. Kernan for defendant and appellant.

Howe, J. This suit was brought on two promissory notes given at a probate sale made in the succession of Evander White, of which the plaintiff was administrator. The court below gave judgment in favor of the plaintiff for the amount of the note for $445 60, the consideration of which appears to have been lawful, rejecting the claim upon the other note which had been given as the price of a slave, and the defendant, Mrs. White, has appealed.

The defense pleaded is that in August, 1863, Mrs. White had a full settlement with plaintiff and paid him a balance of $937 08, in full of amount due on these notes and another given at the same sale, and the receipt of the administrator is annexed to the answer.

Upon the trial it was clearly proved that the amount thus receipted for was paid entirely in what were known as Confederate treasury notes. The obligations in suit were not given up because they were not then in possession of the administrator. The defendants reserved a bill of exceptions to the admission of testimony on this point on the ground that the plaintiff who was the witness " could not contradict his own written acknowledgment, and that no witness could be heard to prove that he had violated the law and given aid and comfort to rebels in arms by giving currency to their so-called Confederate treasury notes."

The objection was properly overruled. A receipt for money is not conclusive between the parties, but is open to explanation by parol, especially as to consideration (5 A. 238, 408; 14 A. 276), and we know of no rule of law which forbids the plaintiff from disclosing the real character of the transaction. The rule *nemo allegans*, etc., has never, we believe, been properly applied to a case of this sort. The alleged payment of August, 1863, was not a payment, and we therefore see no error in the judgment.

For the reasons given, it is ordered and adjudged that the judgment appealed from be affirmed with costs.